UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE POST CONFIRMATION TRUST
FOR FLEMING COMPANIES, INC.,

        Plaintiff,                                    No. 05-CV-73602-DT

vs.                                                  Hon. Gerald E. Rosen

MINT, LLC, a Michigan Limited Liability Company,
GY8, LLC, a Michigan Limited Liability Company,
GEORGE YONO, and SALWA YONO,

        Defendants.
_____/

OPINION AND ORDER STRIKING THE ANSWER
OF MINT, LLC and GY8, LLC

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     November 30, 2005

        PRESENT:  Honorable Gerald E. Rosen
                             United States District Judge

On October 12, 2005 Defendants George and Salwa Yono, acting *pro se*, filed an Answer to Plaintiff's Complaint, ostensibly on their own behalf and on behalf of Mint, LLC and GY8, LLC. Both Mint, LLC and GY8, LLC are Michigan limited liability companies. George Yono is the resident agent for both Mint and GY8. On November 1, 2005, Plaintiff moved to strike the Answer with regard to Mint, LLC and GY8, LLC, and asks the Court to enter a Default against these two companies. Defendants have not responded to Plaintiff's Motion and the time for doing so has expired.

DISCUSSION

It is well settled that corporations, partnerships, or unincorporated associations can appear in federal court only through a licensed attorney.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244 (6th Cir. 1969); *Ginger v. Cohn*, 426 F.2d 1385 (6th Cir. 1970);  *see also Washington Intern. Ins. Co. v. Dawkins General Contractors and Supply Co.*, 129 F.3d 1266, 1997 WL 705243 (6th Cir. 1997) (owner of unincorporated business who was not a licensed attorney could not appear on behalf of company); *Parris v. Herman*, 211 F.3d 1270, 2000 WL 571932 (6th Cir. 2000) (officer of corporation could not represent corporation in court).  Thus, an answer or other pleading filed *pro se* on behalf of a corporation, partnership or unincorporated business is wholly without effect.  *See Kirby v. Memphis Security Co.*, 2003 WL 22509412 (E.D. Tenn. 2003); *see also Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887, 1998 WL 112719 (4th Cir. 1998) (default judgment properly entered against corporation where the corporation's answer was filed by its non-attorney owner and president).

Pursuant to the Michigan Limited Liability Company Act, M.C.L. § 450.4102(i), a "limited liability company" is an "unincorporated membership organization."  As such, Sixth Circuit law has deemed limited liability companies to be akin to partnerships.  *See Homefeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 2002 WL 31780184 (6th Cir., Dec. 2, 2002)*, International Flavors and Textures, L.L.C.*, 966 F. Supp. 552

2

(W.D. Mich. 1997); *see also* James R. Cambridge & George J. Christopoulos, Michigan Limited Liability Companies, § 1.1 (2d ed. 1998 & Supp. 2003) (characterizing a limited liability company as an unincorporated association that is a "cross between a partnership and a corporation that combines the most favorable attributes of both.")

Here, Defendants Mint, LLC and GY8, LLC are Michigan limited liability companies. Therefore, under well-settled law, neither Mint nor GY8 can be represented in court by an officer or a lay person but must instead be represented by an attorney. However, no attorney has filed an appearance on behalf of Mint or GY8. Therefore, to the extent that the Answer signed by George Yono and Salwa Yono purports to also be the Answer of Mint, LLC and GY8, LLC, that Answer must be stricken with respect to these two entities.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Answer filed by George Yono and Salwa Yono on October 12, 2005 be, and hereby is ordered STRICKEN with respect to Defendants Mint, LLC and GY8, LLC.

IT IS FURTHER ORDERED that Defendants Mint, LLC and GY8, LLC may have until December 12, 2005 to have an proper answer or other responsive pleading filed on their behalf by a licensed attorney.

IT IS FURTHER ORDERED that if no proper Answer is timely filed on behalf of Mint, LLC and GY8, LLC in compliance with this Order, the Court will entertain a

Motion for entry of Default Judgment against these Defendants.


                                                s/Gerald E. Rosen
                                                Gerald E. Rosen
                                                United States District Judge

Dated: November 30, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2005, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager